UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NIHAL ERKAN,

                              Plaintiff,

                   -against-                       **REPORT AND RECOMMENDATION**
                                                                                      23 CV 6978 (PKC) (CLP)

ESTELLE'S DRESSY DRESSES, INC.,

                              Defendant.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On September 21, 2023, plaintiff filed a complaint against defendant Estelle's Dressy Dresses, Inc., alleging violations of the Americans with Disabilities Act. (ECF No. 1). On December 11, 2023—in light of a notice of settlement filed by the plaintiff—the Court Ordered plaintiff to file a stipulation of dismissal by December 29, 2023. (Electronic Order, dated December 11, 2023). As of the date of this Order, plaintiff has failed to file the stipulation. This is not the first time that plaintiff has failed to meet basic deadlines in this action. (See Electronic Order, dated December 8, 2023 (threatening sanctions for plaintiff's continued failure to timely file a status report)).

       Plaintiff's counsel, Mars Khaimov ("Mr. Khaimov"), has a long history of filing myriad, boilerplate complaints in this and other courts on behalf of a select few plaintiffs,[1] only to frequently disregard the simplest of court-ordered deadlines and scarcely litigate the actions without significant arm-twisting by the court. See, e.g., Hwang v. Joanna Czech Dallas, No. 23 CV 2962 (EDNY), ECF No. 14 (recommending that the district court impose a daily fine for

---

[1] See Toro v. General Store, LLC, No. 22 CV 6130, 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023) (noting that "[p]laintiff's amended complaint contains bare, conclusory statements and lacks [core] factual allegations," which "is made all the more conspicuous by the fact that . . . from July to December of 2022[,] [p]laintiff, through the same law firm representing her in this action, filed at least 31 virtually identical complaints in this District").

1

plaintiff's continued failure to file a stipulation of dismissal after several court orders and a status conference at which plaintiff's counsel failed to appear), report and recommendation adopted, ECF No. 15; Hwang v. Medical Mgmt. of Chicago, No. 23 CV 3880 (EDNY), ECF No. 8 (recommending that the district court dismiss the action for failure to prosecute or impose daily monetary sanctions after plaintiff repeatedly failed to comply with status report deadlines); Hwang v. Maurice Max, Inc., No. 23 CV 2941 (EDNY), Electronic Order, dated September 20, 2023 (threatening sanctions for plaintiff's continued failure to file a stipulation of dismissal after several warnings); Black v. Angelina Bryant Park, LLC, No. 23 CV 4440 (EDNY), Electronic Order, dated January 3, 2024 (same); Hwang v. Maurice Max, Inc., No. 23 CV 2941 (EDNY), Electronic Order, dated September 20, 2023 (same); Hwang v. Gotham Plastic Surgery, PLLC, No. 23 CV 4205 (EDNY), Electronic Order, dated December 20, 2023 (threatening sanctions for plaintiff's continued failure to timely file a status report); Hwang v. Bombay House Hosp., LLC, No. 23 CV 3316 (EDNY), Electronic Order, dated November 21, 2023 (same); Hwang v. De Wine Spot Inc., No. 23 CV 2955, Docket Entries, dated June 12, 2023, to October 3, 2023 (demonstrating plaintiff's failure to prosecute the action without the Court's repeated insistence).

Indeed, even the threat of sanctions has not always sufficed to compel Mr. Khaimov to litigate his clients' cases, resulting in numerous orders imposing monetary sanctions and dismissals for failure to prosecute. See, e.g., Hwang v. The Skin Spa – Midtown, LLC, No. 23 CV 1933 (EDNY), Electronic Order, dated November 21, 2023 (dismissing sua sponte plaintiff's claims for failure to prosecute after repeatedly threatening plaintiff with sanctions for failure to comply with court-ordered deadlines); Hwang v. Pertutti New York, Inc., No. 23 CV 5502, 2023 WL 8520291 (E.D.N.Y. Dec. 8, 2023) (adopting report and recommendation and dismissing plaintiff's claims for failure to prosecute after several warnings by the Magistrate Judge);

Paguada v. Met-Rx Substrate Tech., No. 20 CV 6672, 2021 WL 2433831 (S.D.N.Y. June 15, 2021) (same); Quezada v. Accretive Cap. LLC, No. 21 CV 1414, 2023 WL 4763955 (S.D.N.Y. July 26, 2023) (same); Maddy v. Ash & Erie, Inc., No. 22 CV 3936, 2022 WL 3903641 (S.D.N.Y. Aug. 30, 2022) (dismissing sua sponte plaintiff's claims for failure to prosecute after issuing warnings); Dicks v. Serena & Lily, Inc., No. 22 CV 7213, 2023 WL 22619 (S.D.N.Y. Jan. 3, 2023) (same); Toro v. Lindenwood, Inc., No. 22 CV 8357, 2023 WL 2919092 (S.D.N.Y. Apr. 12, 2023) (same); Toro v. Merdel Game Mfg. Co., No. 22 CV 8505, 2023 WL 2368986 (S.D.N.Y. Mar. 6, 2023) (same); Hwang v. Joanna Czech Dallas, Electronic Order, dated December 11, 2023 (ordering plaintiff to pay monetary sanctions equaling $25 per day of noncompliance for failing to meet court-ordered deadlines and after this Court and the district court repeatedly threatened sanctions); see also Jones v. CRWW, Inc., No. 23 CV 6141, 2023 WL 6447088, at *2 & n.1 (S.D.N.Y. Sept. 15, 2023) (recommending dismissal of plaintiff's case for failure to prosecute and noting that "Mars Khaimov . . . is a frequent litigator in this Court who has appeared in over 1,000 cases since 2020 . . . at least 39 of [which] have been dismissed by District Judges for failure to prosecute"), report and recommendation adopted, No. 23 CV 6141, 2023 WL 6445757 (S.D.N.Y. Oct. 2, 2023).

This and other courts have repeatedly warned Mr. Khaimov that he risks sanctions—including monetary sanctions and dismissal for failure to prosecute—when he wholly ignores the most basic of deadlines, despite repeated urgings by the magistrate judges and district judges. Yet, Mr. Khaimov maintains his habit of filing voluminous actions without meaningfully prosecuting them, at the expense of the time and resources of the courts and, in some cases, to the detriment of his own clients. Mr. Khaimov's course of conduct cannot freely be permitted to continue, nor should individual judges be required to "babysit" Mr. Khaimov's cases to ensure

3

that they keep moving. See Restivo v. Hessemann, 846 F.3d 547, 592 (2d Cir. 2017) (noting that "it is not the district court's job either to do [plaintiff's] homework or to take heroic measures aimed at salvaging [plaintiff] from the predictable consequences of self-indulgent lassitude" (quoting United States ex rel. Keshner v. Nursing Pers. Home Care, 794 F.3d 232, 236 (2d Cir. 2015))).

Therefore, the Court sets a final deadline of **January 22, 2024**, for plaintiff to file the stipulation of dismissal. The Court recommends that, as in the countless cases noted above, the district court dismiss this action for failure to prosecute if this deadline is not met. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (holding that "it is unquestioned that Rule 41(b) [of the Federal Rules of Civil Procedure] also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute"). In the alternative, it is recommended that the district court impose a monetary fine of $50 for each day of additional noncompliance, as the district court sees fit.[2] Finally, the Court strongly urges the district court to consider—in coordination with the undersigned and other Magistrate Judges and District Judges within the Eastern District of New York—referring Mr. Khaimov to the Grievance Committee for this District, with a recommendation that his admission to the bar of the Eastern District of New York be reviewed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the

---

[2] This Court acts well within the bounds of ordinary judicial conduct by considering Mr. Khaimov's conduct in other actions when making this recommendation. See Jones v. CRWW, Inc., 2023 WL 6447088, at *2 n.1 (noting Mr. Khaimov's track record when recommending dismissal for failure to prosecute); Toro v. General Store, LLC, 2023 WL 4624690, at *3 n.4 (citing Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006)) (taking judicial notice of the multitude of actions filed by plaintiff and Mr. Khaimov when granting a motion to dismiss).

4

method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

    **SO ORDERED.**

Dated: Brooklyn, New York
       January 8, 2024

                                        */s/ Cheryl L. Pollak*
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York